UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LARRY CORBETT, : | |
| : | |
| Petitioner, : | |
| : | PRISONER |
| v. : | Case No. 3:15-CV-1461 (RNC) |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |

ORDER

Petitioner Larry Corbett, a federal inmate, brings this action pro se under 28 U.S.C. § 2255. Corbett was convicted after a bench trial in which he did not testify. He claims that his trial counsel was ineffective in advising him about his right to a jury trial and his right to testify.

The Court ordered the government to supplement the record with an affidavit from Corbett's lead counsel, Craig A. Raabe. See Order of Jan. 10, 2018 (ECF No. 15); see also Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001) (no evidentiary hearing necessary to decide § 2255 motion based on ineffective assistance claim where record supplemented by trial counsel's affidavit). Attorney Raabe has submitted a letter raising concerns about his obligation to maintain attorney-client privilege. The letter states, "in the absence of a waiver from Mr. Corbett or a judicial finding of a waiver, I request that if the Court requires information from me, the information be acquired in a testimonial setting wherein the Court can determine on a question-by-question basis whether I can answer the Government's

questions consistent with the Court's view of Mr. Corbett's attorney-client privilege."

I find that Corbett has impliedly waived the attorney-client privilege with regard to communications with Attorney Raabe regarding his right to a jury trial, his right to testify on his own behalf, and his waiver of these rights. "The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance." In re County of Erie, 473 F.3d 413, 418 (2d Cir. 2007). A client impliedly waives the attorney-client privilege when he "chooses to place privileged communications directly in issue." United States v. Pinson, 584 F.3d 972, 977 (10th Cir. 2009) (citing 1 McCormick On Evid. § 93 (6th ed. 2006)). "When a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications." Id. (discussing "unanimous federal authority," including 5th, 6th, 8th, 9th, 11th Circuit precedents); accord Giordano v. United States, No. 3:11CV9 MRK, 2011 WL 1831578, at *1 (D. Conn. Mar. 17, 2011; see also Strickland v. Washington, 466 U.S. 668, 692 (1984) ("[I]nquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's . . . litigation decisions.").

Corbett's waiver is not unlimited. "[W]hen a prisoner files a claim alleging that his or her former attorney provided ineffective assistance, he or she implicitly waives the attorney-client privilege only as to confidential information that is needed to defend against the prisoner's specific claims." Giordano, 2011 WL 1831578, at *3. Here, Corbett has waived the privilege as to communications needed to defend against his claims related to his decision to waive his right to a jury and proceed with a bench trial and his decision not to testify.

Given that Corbett has waived the attorney-client privilege with respect to these communications, an in-court interview is not necessary. See id. ("It would be highly impractical to require federal district court judges in each an every [habeas case] to directly supervise every interaction between the Government and the attorney who provided ineffective assistance to his former client."). Judge Kravitz's instructions in a similar case apply here as well:

> "[I]t will largely be left up to [Attorney Raabe] and the Government to determine whether particular information has or has not been waived. In this Court's experience, attorneys are for the most part very familiar with the process of determining whether specific materials are protected during the course of discovery, and the process of determining whether the privilege has been waived with regard to specific documents and communications between [Corbett] and his former counsel should not be much more difficult than that ordinary process. Here, all counsel are very experienced. The Court cautions [Attorney Raabe] that if he has any question at all about the scope of the Government's questioning, he should return to the Court so that it may resolve that issue.

> If disputes arise regarding whether or not specific information is or is not protected as a result of [Corbett]'s implicit waiver of the attorney-client privilege, the Court will resolve such disputes on the telephone with the parties and with [Attorney Raabe]. The parties are also free to jointly propose a protective order to ensure that any potentially privileged materials that may be disclosed between the parties during discovery are not publicly revealed unless they are eventually filed with the Court.

Id.

Accordingly, the government will supplement the record by filing Attorney Raabe's affidavit on or before March 1, 2018.

So ordered this 12th day of February 2018.

/s/
Robert N. Chatigny
United States District Judge
